[Crim. No. 13849. Third Dist. Mar. 27, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE YBANEZ URDIAIN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rule 976.1 of the California Rules of Court, only part V of this opinion is certified for publication.

COUNSEL

Donald S. Altschul, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Janet G. Bangle and James Ching, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BLEASE, J.—

I-IV*

. . . . . . . . . . . . . . . . . . . . . . .

V

Defendant was convicted of two counts of violating section 11351 (possession of heroin and cocaine for sale), and two counts of violating section 11352 (sale of heroin) of the Health and Safety Code. Ledgers introduced at trial demonstrated defendant's extensive involvement in drug trafficking. At the sentencing hearing, the trial court denied defendant's request to initiate proceedings to commit him to the California Rehabilitation Center (CRC). ■ Defendant claims that, because he had no prior criminal record, the court's refusal constituted an abuse of discretion. We disagree.

Welfare and Institutions Code section 3051 provides that, upon conviction, the judge shall order the district attorney to file a petition for CRC

---

*See footnote, *ante,* page 330.

commitment "if it appears to the judge that the defendant may be addicted or . . . may be in imminent danger of becoming addicted to narcotics . . . unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment . . . ." The only evidence before the court relating to defendant's possible addiction was information in the probation report that defendant had stated he had been using cocaine for three years and heroin for one year. The probation report also included a statement from NET-5 Agent Peters that he "does not believe the defendant was addicted to the use of any illegal substance and was primarily selling narcotics for profit."

The trial court did not make an express finding as to whether defendant is addicted or is in danger of becoming so. The court found however that defendant was not a fit subject for commitment because he "was engaged in a very extensive and widespread, as regards customers and clientele and the frequency of transactions, business, in the sale of controlled substances," that the sales "were not . . . isolated incidents at all, they were a pattern of extensive dealings," and that "it is . . . the Court's impression that [defendant] has been primarily a businessman in the narcotics business . . . ." The court asserted that even if defendant were an addict he was not suitable for commitment.

Defendant asserts that he is an addict and that, because he had no prior record, the trial court had no discretion to refuse the initiation of commitment proceedings. He cites *People* v. *Madden* (1979) 98 Cal.App.3d 249, 260-262 [159 Cal.Rptr. 381] as support for the claim. In that case the trial court found the defendant was not suitable for CRC commitment because of "trafficking and possession of amounts of heroin beyond that which might reasonably be necessary to support her own immediate needs." (*Id.,* at pp. 260-261.) On appeal, the Fifth District remanded for reconsideration of the commitment issue. The court held that defendant's involvement in large scale trafficking could not be considered by the trial court; the sole concern of the trial court is "whether [defendant's] criminal record demonstrates excessive criminality." (*Id.,* at p. 262.)

We reject the reasoning in *Madden, supra.* A finding of a pattern of criminality need not be based solely on *prior convictions* reflected in a defendant's record. Section 3051 provides that the *probation report* can also support a finding of a pattern of criminality. Where, as here, evidence is introduced at trial demonstrating defendant's extensive involvement in drug trafficking, defendant is subsequently convicted of four controlled substance violations occurring over a period of three months, and defendant's extensive narcotics involvement is indicated in the probation report, the trial court

could properly conclude that defendant was not a fit subject for CRC commitment. Thus, even assuming that defendant is an addict, the mere fact defendant had not previously been convicted of criminal violations does not preclude a finding that CRC commitment is inappropriate.

As modified, the judgment is affirmed.

Puglia, P. J., and Carr, J., concurred.

A petition for a rehearing was denied April 23, 1986, and appellant's petition for review by the Supreme Court was denied June 20, 1986.