THE PEOPLE, Plaintiff and Respondent, v. DENNIS THOMAS SATERIALE, Defendant and Appellant.

Adlen & Casselman and Jeremiah Casselman for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien, Gloria F. DeHart and Donald H. Kearney, Deputy Attorneys General, for Plaintiff and Respondent.

FILES, P. J.—Defendant was charged with three counts: Count I—sale of heroin on November 8, 1964 (Health & Saf. Code, § 11501) ; count II—sale of heroin on December 2, 1964; count III—sale of marijuana on December 14, 1964 (Health & Saf. Code, § 11531).

By stipulation, trial by jury was waived and the case was submitted to the court on the preliminary transcript. The court found defendant guilty on count I, and dismissed the

other two counts "in the interests of justice." Defendant was sentenced to state prison. He appeals from the judgment.

Jesse Lee Thomas, who was employed by Deputy Sheriff Landry as an undercover man, testified that on November 8, 1964, he paid defendant $300 and received a package of white powder. On December 2 he again met defendant and gave him $300 for another package. On December 14 he met defendant and gave him $500 for a bag of marijuana. It was stipulated that a forensic chemist would testify that the first package contained one ounce of powder, 34 percent heroin; the second package contained 18 grams of 30 percent heroin, and the third bag contained about 10 pounds of marijuana.

Deputy Landry, who had searched Thomas prior to each meeting with defendant, and who had kept Thomas under surveillance most of the time, corroborated Thomas' testimony in substantial respects.

No evidence was offered on behalf of defendant.

There is no merit in defendant's argument here that he was entrapped. ■ There is no entrapment in the legal sense when the intent to commit the crime originates in the mind of the defendant and the police do no more than give him an opportunity to prove his criminal predisposition. (*People* v. *Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521].)

■ Neither is there any merit in defendant's contention that the trial court abused its discretion in refusing to adjourn the criminal action so that civil proceedings could be instituted under the narcotics rehabilitation law. When defendant was arraigned for judgment, the record shows this:

"MR. WEISS: Counsel merely states we believe the [probation] report is a thoroughly complete one. The only question left open in counsel's mind is whether a referral to 95 should still be made. In view of the usage here, I think that should be explored, and no damage could be done either to society or the defendant, and let them reject or accept him.

"THE COURT: It would just be wasting 95's time under the conditions of this case."

We assume that "95" referred to department 95 of the superior court where civil commitment proceedings are heard.

Defendant's trial attorney did not dispute any of the information in the probation report regarding the defendant's pattern of criminality, nor did he suggest that there were any mitigating circumstances. Here defendant's brief asks us to

hold that the trial court abused its discretion. At the request of the Attorney General we have augmented the record by including the probation report so that defendant might have a meaningful review.

This report shows, among other things, that defendant at age 24, had the following record: 1958 and 1959—involvement with the police as a juvenile.

1960—three arrests on traffic offenses; one additional arrest on a traffic warrant.

1961—three arrests for traffic offenses, one of which was for driving with a suspended license. One more arrest on a traffic warrant.

1961—sentenced to jail for obtaining a driver's license under a fictitious name.

1961—fined for disorderly conduct and drunk in auto.

March 15, 1962—found guilty of grand theft and committed to the Youth Authority. At this time defendant was a member of the ''Hell's Angels'' motorcycle group.

June 1963—pleaded guilty of burglary.

October 1963—pleaded guilty of possession of dangerous drugs and sentenced to jail.

November 1963—sentenced to jail for parole violation.

January 1964—sentenced to six months' jail for grand theft.

August 1964—arrested for petty theft, of which he was convicted in January 1965.

Defendant's employment was negligible. He had relied on his family for support, until he became a seller of narcotics. The sales in November and December 1964 were of substantial quantities, indicating that he was not the typical addict-peddler. Defendant told the probation officer he had been a user, but that he had ''kicked the habit'' while in jail. The probation officer advised that in his opinion defendant would not be a good subject for the narcotic rehabilitation program because of the nature and extent of his criminal activities.

Penal Code section 6451 (now Welf. & Inst. Code, § 3051) provides that if it appears that the convicted person is addicted or in imminent danger, the court shall institute civil proceedings ''unless in the opinion of the judge the defendant's record and probation report indicates such a pattern of criminality that he does not constitute a fit subject for commitment under this section.''

The information before the trial judge indicated a pattern of criminality, irresponsibility and indifference to the require-

ments and sanctions of the penal law. For his past offenses defendant had had the benefit of minimum sentences, Youth Authority training, probation and parole. His response was to progress to more serious offenses. The narcotic rehabilitation program requires in the subject a certain amount of cooperation and some capacity for accepting responsibility. It was not an abuse of discretion for the trial court to find that defendant was unfit.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 8, 1967.