[Crim. No. 13389. In Bank. Aug. 20, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH KING, JR., Defendant and Appellant.

886

Donald W. Pike, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark L. Christiansen, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—Defendant was found guilty of robbery in the first degree. The court also found that defendant was armed with a deadly weapon at the time of the commission of the offense and that defendant on June 3, 1966, had suffered prior convictions of burglary and grand theft. He was sentenced to the state prison.

The Court of Appeal affirmed his conviction. Upon petition for hearing to this court, we granted a hearing and directed that court to make appropriate modifications to the text of its opinion and to refile the same providing that the ''judgment is modified by striking therefrom the finding that defendant was armed with deadly weapons as alleged, within the meaning of Penal Code section 12022. In all other respects the judgment is affirmed.'' After the Court of Appeal filed a new opinion, the People petitioned for a hearing, and we granted the petition to consider this case along with the case of *People* v. *Floyd*, Crim. 13190, *ante*, p. 879 [80 Cal.Rptr. 22, 457 P.2d 862].

The recitals in the judgment of conviction that defendant was armed with a deadly weapon should be modified to provide that at the time of the commission of the offense sections 3024 and 12022 of the Penal Code were inapplicable but defendant was armed within the meaning of section 1203 of the Penal Code. The judgment should also specify the nature of the weapon. (*People* v. *Floyd*, *supra*, *ante*, p. 879.)

Defendant contends that he was denied his constitutional right to jury trial and did not freely and voluntarily waive his right to a jury trial. A jury was impaneled in this case, and after the People rested, defense counsel stated that his client desired to waive a jury trial. Defense counsel and

defendant expressly stated that they wished to waive a jury trial and have the matter determined by the judge. The court obtained a stipulation that the matter could be determined upon the evidence previously received, the defense rested, and the judge found the defendant guilty on one count and dismissed the other in the interests of justice.

Defendant urges that during the receipt of evidence the judge was not sitting as a trier of fact and that, although he waived the jury trial, there is no showing in the record that he waived his right to have a trial in accordance with the due process clause. However, it is clear from the record that he stipulated to trial before the judge on the basis of the evidence previously received. ▮▮▮ A defendant may waive a jury trial and submit to a decision of a court based upon a transcript of the preliminary hearing (e.g., *People* v. *Foster,* 67 Cal.2d 604, 606-607 [63 Cal.Rptr. 288, 432 P.2d 976]), and although there is no statutory provision for waiver of a jury after it is impaneled and before submission (cf. Pen. Code, § 1140), no reason appears why he may not be permitted to waive the jury and submit to trial by the court on the basis of the evidence previously presented before that court. (See Witkin, Cal. Criminal Procedure (1963) 325; cf. *People* v. *Medina,* 9 Cal.App.2d 259 [49 P.2d 332].) There is no claim that defendant did not understand the waiver and stipulation.

The judgment is reversed, and the cause remanded for resentencing in accordance with the views expressed herein.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.