[No. B117987. Second Dist., Div. Five. Aug. 14, 1998.]

THE PEOPLE, Plaintiff and Appellant, v.
VENTURA MARTINEZ, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, parts I, II(B) and III are certified for publication.

1512

**COUNSEL**

S. Renee Lewis, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter and Karen Moran O'Keeffe, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

Ventura Martinez (defendant) appeals from a judgment of conviction, after a jury trial, of possession of a controlled substance, methamphetamine,

in violation of Health and Safety Code section 11377, subdivision (a). Defendant admitted he was previously convicted of a serious felony within the meaning of Penal Code[1] sections 667, subdivisions (b) through (i), and 1170.12. Defendant further admitted he previously served two prior separate prison terms within the meaning of section 667.5, subdivision (b). He was sentenced to the low term of 16 months for methamphetamine possession, doubled pursuant to sections 667, subdivisions (b) through (i), and 1170.12, for a total of 32 months in state prison. The trial court imposed a $500 restitution fine (§ 1202.4, subd. (b)), with $200 stayed unless defendant violated his parole. The trial court also imposed a $100 criminal laboratory analysis fine. (Health & Saf. Code, § 11372.5.) Defendant was given credit for 127 days of actual presentence custody plus 63 days of conduct credit for a total of 190 days of presentence custody credit.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On May 27, 1998, we advised defendant he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received from defendant.

Following our initial examination of the record, we requested briefing on several issues and set this matter for oral argument. We proceed to a discussion of those issues. In the unpublished portion of the opinion, we hold: The trial court erroneously failed to either strike or impose two section 667.5, subdivision (b), prior separate prison term enhancements; excessive presentence custody credits were awarded to defendant; and the trial court had a jurisdictional responsibility to impose a restitution fine pursuant to section 1202.45. In the published portion of the opinion, we hold: that on a silent record there is no jurisdictional error in failing to impose a drug program fee pursuant to Health and Safety Code section 11372.7, subdivision (a); it was jurisdictional error to impose a criminal laboratory analysis fee in an amount in excess of that authorized by Health and Safety Code section 11372.5, subdivision (a); the trial court was required to impose penalty assessments pursuant to sections 1202.4, subdivision (a)(2), 1464, and Government Code section 76000 in connection with the criminal laboratory analysis fee; and the amended abstract of judgment must reflect the imposition of restitution fines, the criminal laboratory analysis fee, and penalty assessments. We modify the judgment and remand the matter for further proceedings as discussed below.

---

[1] All further statutory references are to the Penal Code except where otherwise noted.

## II. DISCUSSION

### A. *Unpublished Issues**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Published Issues*

### *Drug Program Fee*

■ We asked the parties to brief the question whether, on a silent record, the failure to impose a drug program fee pursuant to Health and Safety Code section 11372.7, subdivision (a) was a jurisdictional error. We conclude it was not.

Health and Safety Code section 11372.7, subdivision (a), provides in pertinent part, "[E]ach person who is convicted of [certain narcotics offenses, including a violation of Health and Safety Code section 11377] shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense. The court shall increase the total fine, if necessary, to include this increment, which shall be in addition to any other penalty prescribed by law." The drug program fee is mandatory, provided the trial court determines the defendant has the ability to pay the fee. (Health & Saf. Code, § 11372.7, subd. (b); *People* v. *Clark* (1992) 7 Cal.App.4th 1041, 1050 [9 Cal.Rptr.2d 726].) Subdivision (b) of section 11372.7 of the Health and Safety Code provides: "The court *shall determine whether or not* the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability. In its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution. If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee." (Italics added.) No express finding as to a defendant's ability or inability to pay is required. (Health & Saf. Code, § 11372.7, subd. (b); *People* v. *Staley* (1992) 10 Cal.App.4th 782, 785 [12 Cal.Rptr.2d 816].)

We turn to the question whether a judgment which fails to include a drug program fee, and as to which the record is silent, is an unauthorized

---

*See footnote, *ante*, page 1511.

judgment. We conclude there is no jurisdictional error in such circumstance. As the Supreme Court explained in *People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040]: "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." The reasoning is that "such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" Under Health and Safety Code section 11372.7, subdivision (b), a trial court may, without expressly so stating, and taking into account any fine or restitution amount imposed, conclude that a defendant does not have the ability to pay a drug program fee. Hence, factual issues come into play in determining whether a defendant has the ability to pay a drug program fee. Further, on a silent record, we presume the trial court resolved those issues in favor of not imposing the fee. (Cf. *People* v. *Moran* (1970) 1 Cal.3d 755, 762 [83 Cal.Rptr. 411, 463 P.2d 763]; *People* v. *Young* (1991) 228 Cal.App.3d 171, 186 [278 Cal.Rptr. 784]; *People* v. *Brandon* (1989) 206 Cal.App.3d 1565, 1569 [254 Cal.Rptr. 504]; *People* v. *Preyer* (1985) 164 Cal.App.3d 568, 574 [210 Cal.Rptr. 807]; *People* v. *Flower* (1976) 62 Cal.App.3d 904, 909-910 [133 Cal.Rptr. 455].) As this court held in *People* v. *Mosley* (1997) 53 Cal.App.4th 489, 496-497 [62 Cal.Rptr.2d 268]: "The general rule is that a trial court is presumed to have been aware of and followed the applicable law. (*Howard* v. *Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443 . . . ['[A]n appellate court must presume that the decision of the trial court is correct.']; *Corenevsky* v. *Superior Court* (1984) 36 Cal.3d 307, 321 . . . ['An order is presumed correct; all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown.']; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 645 . . . ['Neither party requested findings of fact from the trial court. In the absence of such findings, an appellate court must presume that the facts would support the trial court's judgment.']; *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 . . . [' "A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' (Original italics.)]; Evid. Code, § 664.) These general rules concerning the presumption of regularity of judicial exercises of discretion apply to sentencing issues. (*People* v. *Moran* (1970) 1 Cal.3d 755, 762 . . . [decision to decline to commit adult to the youth authority]; *People* v. *Quicke* (1964) 61 Cal.2d 155, 159-160 . . . [decision to impose death penalty]; *People* v. *Hooton* (1959) 53 Cal.2d 85, 88 . . . [determination to impose life sentence].)" In *People* v. *Clark, supra,* 7 Cal.App.4th at page 1050, where a drug program fee was imposed, but the record was silent as to the defendant's ability to pay, the Court of Appeal presumed the trial court found the defendant had the ability to pay the fee. We conclude that because a trial court must determine whether

the defendant has the ability to pay a drug program fee (Health & Saf. Code, § 11372.7), and is not required to state its finding on the record, a judgment that fails to impose the fee is not a legally unauthorized judgment.[2]

Further, the failure of the trial judge to have stated reasons for the sentence choice, not imposing the drug program fee, has been waived by the prosecution. No objection to the failure of the trial judge to set forth an adequate statement of reasons for failing to impose the drug program fee was ever articulated in the trial court by the prosecutor. Violations of the sentencing rules concerning statements of reasons are generally treated as waived if not raised. (*People* v. *Scott, supra,* 9 Cal.4th at p. 355 [reasons used for sentencing were "inapplicable, duplicative, and improperly weighed"]; *People* v. *de Soto* (1997) 54 Cal.App.4th 1, 7-8 [62 Cal.Rptr.2d 427] [improper dual use of facts underlying weapons use to impose the upper term waived by failure to impose a more specific objection at sentencing]; *People* v. *Kelley* (1997) 52 Cal.App.4th 568, 581-582 [60 Cal.Rptr.2d 653] [failure to consider mitigating factors]; *People* v. *Middleton* (1997) 52 Cal.App.4th 19, 35 [60 Cal.Rptr.2d 366] [use of improper fact to impose the upper term]; *People* v. *Minder* (1996) 46 Cal.App.4th 1784, 1791-1792 [54 Cal.Rptr.2d 555] [failure to comply with requirement in rule 433(b) of the California Rules of Court to state reasons for imposing upper term when imposition of sentence is suspended]; *People* v. *Erdelen* (1996) 46 Cal.App.4th 86, 91 [53 Cal.Rptr.2d 553] [improper dual use of facts to impose upper term waived]; *People* v. *Zuniga* (1996) 46 Cal.App.4th 81, 83 [53 Cal.Rptr.2d 557] [failure to state any reason for sentence choices]; *People* v. *Dancer* (1996) 45 Cal.App.4th 1677, 1693 [53 Cal.Rptr.2d 282], disapproved on another point in *People* v. *Hammon* (1997) 15 Cal.4th 1117, 1123 [65 Cal.Rptr.2d 1, 938 P.2d 986] [improper use of particularly vulnerable aggravating factor to impose upper term]; *People* v. *Douglas* (1995) 36 Cal.App.4th 1681, 1691 [43 Cal.Rptr.2d 129] [finding application of waiver

[2]Similarly, we presume the trial court exercised its discretion and declined to impose a fine pursuant to subdivision (c) of Health and Safety Code section 11377 or section 672. Health and Safety Code section 11377 provides in relevant part: "(c) In addition to any fine assessed [for misdemeanor possession of specified anabolic steroids or chorionic gonadotropin], the judge *may* assess a fine not to exceed seventy dollars ($70) against any person who violates subdivision (a), with the proceeds of this fine to be used in accordance with Section 1463.23 of the Penal Code [AIDS education program]. *The court shall,* however, *take into consideration the defendant's ability to pay,* and no defendant shall be denied probation because of his or her inability to pay the fine permitted under this subdivision." (Italics added.) Section 672 authorizes a fine where none is otherwise prescribed. Section 672 states: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court *may* impose a fine on the offender not exceeding . . . ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed." (Italics added.) A trial court *may* assess a fine under section 672 *and* the $70 fine provided for in Health and Safety Code section 11377, subdivision (c). (*People* v. *Clark, supra,* 7 Cal.App.4th at pp. 1044-1046.)

rule to improper use of enhancement to impose upper term and reaching the merits of the issue]; *People* v. *Mustafaa* (1994) 22 Cal.App.4th 1305, 1310-1311 [28 Cal.Rptr.2d 172] [failing to state reasons for upper term]; *People* v. *Neal* (1993) 19 Cal.App.4th 1114, 1117-1124 [24 Cal.Rptr.2d 129] [failing to state reasons for consecutive sentences].) If there is no objection in the trial court by the prosecutor to the failure to state sufficient reasons to dispense with imposition of the drug program fee pursuant to Health and Safety Code section 11372.7, subdivision (a), the Attorney General may not raise that issue on appeal.

### Criminal Laboratory Analysis Fee

██ Defendant asserts the trial court erred in imposing a criminal laboratory analysis fee pursuant to Health and Safety Code section 11372.5, subdivision (a), *in the amount of $100*. We agree.

Health and Safety Code section 11372.5, subdivision (a), required the trial court to impose a criminal laboratory analysis fee in the amount of $50 for each violation of Health and Safety Code section 11377. Health and Safety Code section 11372.5, subdivision (a) provides in pertinent part: "(a) Every person who is convicted of a violation of Section . . . 11377 . . . shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense. The court shall increase the total fine necessary to include this increment." ██ The fee is mandatory. (Health & Saf. Code, § 11372.5, subd. (a); *People* v. *Clark, supra,* 7 Cal.App.4th at p. 1050.) There is no requirement that a defendant be found to have the ability to pay a criminal laboratory analysis fee before such a fee can be imposed. (*People* v. *Staley, supra,* 10 Cal.App.4th at pp. 784-785.)

██ Defendant was convicted of one count of methamphetamine possession in violation of Health and Safety Code section 11377, subdivision (a). Therefore, a fine in the amount of $100 was not legally authorized; the mandatory fine was statutorily limited to $50. The imposition of a sentence not statutorily authorized is jurisdictional error that is subject to correction whenever it comes to a court's attention. (*People* v. *Dotson* (1997) 16 Cal.4th 547, 554, fn. 6 [66 Cal.Rptr.2d 423, 941 P.2d 56]; *People* v. *Karaman* (1992) 4 Cal.4th 335, 345-346, fn. 11, 349, fn. 15 [14 Cal.Rptr.2d 801, 842 P.2d 100]; *In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13]; *People* v. *Davis* (1981) 29 Cal.3d 814, 827, fn. 5 [176 Cal.Rptr. 521, 633 P.2d 186]; *In re Sandel* (1966) 64 Cal.2d 412, 414-418 [50 Cal.Rptr. 462, 412 P.2d 806].) Therefore, the judgment must be modified to impose a $50 (not $100) criminal laboratory analysis fee.

*Penalty Assessments*

 The Attorney General argues defendant is also subject to mandatory penalty assessments pursuant to sections 1202.4, subdivision (a)(2), 1464, and Government Code section 76000 in connection with the criminal laboratory analysis fee imposed under Health and Safety Code section 11372.5, subdivision (b). We agree.

Subdivision (a)(2) of section 1202.4 provides: "Upon a person being convicted of any crime in the State of California, the court shall order the defendant to pay a fine in the form of a penalty assessment in accordance with Section 1464."[3] Section 1464 and Government Code section 76000 provide for penalty assessments of 170 percent on the amount of any fine, penalty, or bail forfeiture imposed and collected by the courts for criminal offenses. Section 1202.4 assesses a state penalty; while Government Code section 76000 assesses a county penalty. Section 1464, subdivision (a) provides: "Subject to Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code, there shall be levied a state penalty, in an amount equal to ten dollars ($10) for every ten dollars ($10) or fraction thereof, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses, including all offenses, except parking offenses . . . ." Government Code section 76000, subdivision (a), states in pertinent part: "In each county there shall be levied an additional penalty of seven dollars ($7)

---

[3]The language in subdivision (a)(2) of section 1202.4 is derived from Government Code section 13967. The reference to a fine "in the form of a penalty assessment" first appeared in Government Code section 13967 as amended in 1983. (Stats. 1983, ch. 1092, § 135.2, p. 3998.) That amendment was part of the legislative implementation of Proposition 8, the Victim's Bill of Rights, calling for restitution to crime victims. (Cal. Const., art. I, § 28, subd. (b).) As revealed in the legislative history of that 1983 amendment (Assem. Bill No. 1485 (1983-1984 Reg. Sess.)), the Legislature increased the amount of the section 1464 penalty assessment by $1. That $1 was earmarked for the state Restitution Fund. Therefore, each time a fine and penalty were assessed against a criminal defendant, $1 of the amount collected was in the nature of a restitution fine. The fine was imposed in the form of a penalty assessment at the request and for the convenience of the county clerks. (See Analysis of Assem. Bill No. 1485 (1983-1984 Reg. Sess.) as amended July 1, 1983, Sen. Com. on Judiciary, pp. 1-4; Sen. Democratic Caucus, Analysis of Assem. Bill No. 1485 (1983-1984 Reg. Sess.) as amended July 1, 1983, pp. 1-2.) In 1994, section 1202.4 was rewritten. (Stats. 1994, ch. 1106.) The provisions of Government Code section 13967 requiring the restitution fine were moved to section 1202.4. Further, the Legislature "recharacterize[d]" "restitution in the form of a penalty assessment" as a "fine in the form of a penalty assessment." (Legis. Counsel's Dig., Assem. Bill No. 3169 (1993-1994 Reg. Sess.), Stats. 1994, ch. 1106, Sen. Rules Com., Analysis of Assem. Bill No. 3169 (1993-1994 Reg. Sess.) p. 2; Sen. Floor Analysis, Assem. Bill No. 3169 (1993-1994 Reg. Sess.) Aug. 12, 1994, pp. 1-2; Assem. Com. on Public Safety, Analysis of Assem. Bill No. 3169 (1993-1994 Reg. Sess.), as amended Apr. 4, 1994, p. 1; Sen. Floor Analysis, Assem. Bill No. 3169 (1993-1994 Reg. Sess.) Aug. 22, 1994, pp. 1-2.)

for every ten dollars ($10) or fraction thereof which shall be collected together with and in the same manner as the amount established by Section 1464 of the Penal Code, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses, including all offenses involving a violation of the Vehicle Code or any local ordinance . . . except parking offenses . . . ." Consistent with these provisions, section 1463, concerning the distribution of fines and forfeitures imposed and collected for crimes, defines a " '[t]otal fine or forfeiture' " as including: the " 'base fine' upon which the state penalty and additional county penalty is calculated"; the " 'county penalty' required by Section 76000 of the Government Code"; and the " 'state penalty' required by Section 1464." (§ 1463, subd. (*l*).) Under section 1464, the trial judge determines the assessment due and the clerk of the court collects it and transmits it to the county treasury. (§ 1464, subd. (e).) County penalty assessments are then deposited in the appropriate county fund (*ibid.*) as determined by the county board of supervisors. (Gov. Code, § 76000, subd. (a).) The state penalty assessments are distributed 70 percent to the State Penalty Fund, and 30 percent to the county general fund. The moneys deposited in the State Penalty Fund are distributed to: the Fish and Game Preservation Fund, to be used for the education and training of department employees; the Restitution Fund, to be made available to crime victims pursuant to Government Code section 13967; the Peace Officers' Training Fund; the Driver Training Penalty Assessment Fund; the Corrections Training Fund; the Local Public Prosecutors and Public Defenders Training Fund; the Victim-Witness Assistance Fund; and the Traumatic Brain Injury Fund. (§ 1464, subds. (e) & (f).)

Unless the Legislature has otherwise provided, such as in section 1202.4, subdivision (e), or Welfare and Institutions Code section 730.6, subdivision (f), penalty assessments under sections 1464, and Government Code section 76000 are mandatory. (*People* v. *Sierra* (1995) 37 Cal.App.4th 1690, 1694-1695 [44 Cal.Rptr.2d 575]; *People* v. *Heisler* (1987) 192 Cal.App.3d 504, 506-507 [237 Cal.Rptr. 452]; *Penalty Assessments and Court Costs,* 62 Ops.Cal.Atty.Gen. 13, 17 (1979).) ■ As explained in *People* v. *Sierra, supra,* 37 Cal.App.4th at page 1695: "Trial courts are given discretion under subdivision (d) of section 1464 not to impose the penalty assessment where an inmate remains in prison [until the fine is satisfied] and the payment of the assessment 'would work a hardship on the person convicted or his or her immediate family.' Otherwise, the trial court has an obligation to impose a penalty assessment. [Citation.]"[4] In *People* v. *Heisler, supra,* 192 Cal.App.3d at page 507, the Court of Appeal reasoned: "[S]ection 1464, subdivision (a) provides that the assessment 'shall be levied' while section 1464, subdivision (d) identifies a situation where the trial court 'may waive . . . the

---

[4] Subdivision (d) of section 1464 provides: "In any case where a person convicted of any offense, to which this section applies, is in prison *until the fine is satisfied,* the judge may

assessment.' [¶] Thus, it appears that the word 'shall' was used in a mandatory sense. Otherwise, subdivision (d) would be meaningless since if the court could waive the assessment in the first instance there would be no need of an enactment specifically stating that it 'may' do so in a certain situation. [¶] . . . [T]he mandatory nature of the word 'shall' precluded the superior court from waiving the penalty assessment on the fine imposed . . . ." The Attorney General has also reached the conclusion penalty assessments are mandatory: "Not only does the word 'shall' appear prominently in the [code sections], but the declared objective of the assessments is the furtherance of education and training. This objective would, of course, be defeated if imposition of the assessments was optional. If it would defeat the purpose of its enactment to construe a provision in a statute containing the word 'shall' as directory, that construction should not be adopted. (See *Francis* v. *Superior Court* (1935) 3 Cal.2d 19, 29; . . .)" (*Penalty Assessments and Court Costs, supra,* 62 Ops.Cal.Atty.Gen. 13, 17.) Notably, the circumstance specified in subdivision (d) of section 1464, the defendant must remain in prison until a fine is paid, does not arise in this case. ██ Therefore, because, as discussed below, penalty assessments attach to the criminal laboratory analysis fee, imposition of the assessments was mandatory.

██ Further, the Court of Appeal has held penalty assessments pursuant to section 1464 and Government Code section 76000 apply to the drug program fee imposed under Health and Safety Code section 11372.7. (*People* v. *Sierra, supra,* 37 Cal.App.4th at p. 1693.) In *Sierra,* the Court of Appeal for the Fifth Appellate District held Health and Safety Code section 11372.7 defined the drug program fees as an increase to the total fine, therefore it was mandatory to impose the penalty assessments. (37 Cal.App.4th at p. 1695.) Health and Safety Code section 11372.7, subdivision (a), states in part: "The court shall increase the total fine . . . to include this increment . . . ." ██ Health and Safety Code section 11372.5, the criminal laboratory analysis fee provision, contains that same language in subdivision (a): "The court shall increase the total fine . . . to include this increment." Under the reasoning of *Sierra,* we conclude Health and Safety Code section 11372.5, defines the criminal laboratory analysis fee as an increase to the total fine and therefore is subject to penalty assessments under section 1464 and Government Code section 76000. We have previously held the laboratory fee is a fine. (*People* v. *Sanchez* (1998) 64 Cal.App.4th 1329, 1332 [76 Cal.Rptr.2d 34].) Therefore, the judgment must be amended to impose, in addition to the $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5), penalty assessments of $50 pursuant to section 1464, and $35 pursuant to Government Code section 76000.

---

waive all or any part of the state penalty, the payment of which would work a hardship on the person convicted or his or her immediate family." (Italics added.)

*Abstract of Judgment*

██ The Attorney General contends restitution fines, criminal laboratory analysis fees, and penalty assessments must be set forth on the abstract of judgment in addition to being noted in the reporter's transcript. We agree.

In *People* v. *Sanchez, supra,* 64 Cal.App.4th at page 1331, and *People* v. *Hong* (1998) 64 Cal.App.4th 1071, 1074-1084 [76 Cal.Rptr.2d 23], we recently held that an abstract of judgment must reflect the imposition of restitution fines pursuant to sections 1202.4, subdivision (b), and 1202.45 and criminal laboratory analysis fees under Health and Safety Code section 11372.5, respectively. Here we hold that under *Hong* and *Sanchez,* penalty assessments which, as discussed above, are a part of the total fine, must also be set forth on the abstract of judgment. ██ Further, as we explained in *Hong:* "Appellate courts routinely grant requests on appeal of the Attorney General to correct errors in the abstract of judgment. (E.g., *People* v. *Goodwin* (1997) 59 Cal.App.4th 1084, 1094, fn. 8 . . . [abstract corrected to add restitution fine]; *People* v. *Neufer* (1994) 30 Cal.App.4th 244, 254 . . . [excessive day of presentence conduct credit]; *People* v. *Ngaue* (1992) 8 Cal.App.4th 896, 899, fn. 3 . . . [abstract corrected concerning enhancements].)" (*People* v. *Hong, supra,* 64 Cal.App.4th at pp. 1075-1076.) ██ We are in accord with the Attorney General that on remand, upon imposition of appropriate restitution fines, the amended abstract of judgment in this case must reflect the imposition of the restitution fines pursuant to sections 1202.4, subdivision (b) and 1202.45 as discussed in the unpublished portion of the opinion, the imposition of the $50 criminal laboratory analysis fee pursuant to Health and Safety Code, section 11372.5, subdivision (a), and the imposition of penalty assessments pursuant to sections 1202.4, subd. (a)(2), 1464, and Government Code section 76000.

## III. DISPOSITION

The judgment is modified to impose a $50 criminal laboratory analysis fee pursuant to Health and Safety Code section 11372.5, plus penalty assessments of $50 pursuant to Penal Code section 1464, and $35 as required by Government Code section 76000. The judgment is further modified to reflect 127 days of actual presentence custody plus 62 days of conduct credit for a total of 189 days of presentence custody credit. On remand, the trial court must exercise its discretion to either strike or impose the two Penal Code section 667.5, subdivision (b), prior separate prison term enhancements in accord with all of the requirements of Penal Code section 1385, subdivision (a) and impose restitution fines pursuant to Penal Code sections 1202.4, subdivision (b) and 1202.45. In all other respects, the judgment is affirmed.

The clerk of the superior court shall prepare and deliver to the Department of Corrections an amended abstract of judgment which sets forth the restitution fines imposed against defendant pursuant to Penal Code sections 1202.4, subdivision (b) and 1202.45, the $50 criminal laboratory analysis fee imposed pursuant to Health and Safety Code section 11372.5, and the $50 and $35 penalty assessments imposed pursuant to Penal Code section 1464 and Government Code section 76000.

Grignon, J., and Armstrong, J., concurred.