Filed 7/23/13  P. v. Padilla CA1/4

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY JOSEPH PADILLA, JR.,<br><br>    Defendant and Appellant. | A137049<br><br>(Lake County<br>Super. Ct. No. CR930310) |

## I.

## INTRODUCTION

Anthony Joseph Padilla, Jr. appeals from a judgment entered following his "open" plea of no contest to one count of transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and one count of driving on a revoked driver's license (Veh. Code, § 14601.1, subd. (a)).  As part of the negotiated plea, appellant also admitted two prior convictions for possession of a controlled substance for sale (Health & Saf. Code, § 11370.2, subd. (c)), and admitted that he had served two prior prison terms, within the meaning of Penal Code section 667.5, subdivision (b).

The sole issue raised on appeal is his contention that the trial court erroneously imposed a discretionary $600 aggregate drug program fee, pursuant to Health and Safety Code section 11372.7, without finding that he had the ability to pay the fee.  We affirm.

1

## II.

## FACTUAL AND PROCEDURAL BACKGROUNDS

On August 21, 2012, a complaint was filed charging defendant with one count each of transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), possession of methamphetamine for sale (Health & Saf. Code, § 11378), misdemeanor evading a police officer (Veh. Code, § 2800.1, subd. (a)), misdemeanor destruction of evidence (Pen. Code, § 135), and misdemeanor driving on a revoked driver's license (Veh. Code, § 14601.1, subd. (a)).  Numerous special allegations were included in the complaint, including the aforementioned allegations of prior convictions for possession of a controlled substance for sale (Health & Saf. Code, § 11370.2, subd. (c)), and the allegations that he had served two prior prison terms, within the meaning of Penal Code section 667.5, subdivision (b).

After entering a plea of not guilty to all charges and denying all special allegations, appellant entered into a negotiated disposition with the prosecution.  Pursuant to this agreement appellant agreed to change his plea to no contest the one count of transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and one count of driving on a revoked driver's license (Veh. Code, § 14601.1, subd. (a)).  Appellant also admitted both two prior convictions for possession of a controlled substance for sale (Health & Saf. Code, § 11370.2, subd. (c)), and that he had served two prior prison terms, within the meaning of Penal Code section 667.5, subdivision (b).  Appellant understood that his plea was "open" with no promise being made as to the sentence he would receive.  While he hoped the court would grant him probation and allow him to enter a residential drug treatment program, he understood he could receive a total, aggregate state prison term of 12 years.

Sentencing took place on October 23, 2012.  At that time probation was denied, and appellant was ordered to serve an aggregate state prison term of 12 years.  Fines and penalties were imposed as part of appellant's sentence.  As is material to this appeal, pursuant to Health and Safety Code section 11372.7, the court imposed a drug program fee of $150, plus a penalty assessment of $450, for a total drug program fee of $600.  At

the time sentence was pronounced, no objections were made by appellant to any of the elements of the sentence imposed, including the $600 drug program fee.

For the first time on appeal, appellant contends that the trial court erred in imposing the $600 drug program fee without finding that he had the ability to pay the fine. The Attorney General argues that appellant forfeited the claim because he failed to object to imposition of the fine in the trial court. Both parties pointed out in their respective briefs on appeal that the issue of forfeiture in failing to object to penalties and fees imposed at the time of sentencing based on no showing the defendant had the ability to pay was then pending before the California Supreme Court in *People v McCullough* (2013) 56 Cal.4th 589, review granted June 29, 2011, S192513 (*McCullough*).

## III.

## DISCUSSION

In fact, our Supreme Court's opinion in *McCullough*, *supra*, 56 Cal.4th 589 was filed on April 22, 2013. The court held that "because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Id*. at p. 597.) Thus, the court concluded: "Given that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture apply equally here, we see no reason to conclude that the rule permitting challenges made to the sufficiency of the evidence to support a judgment for the first time on appeal 'should apply to a finding of' ability to pay a booking fee . . . ." (*Id*. at p. 599.)

The court's forfeiture reasoning in *McCullough* was specifically made applicable to other comparable fees and penalties imposed without objection, including drug program fees. In fact, in the course of the court's analysis, it cited with approval *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517, which held that a challenge to a court order imposing a drug program fee under Penal Code section 11372.7, subdivision (b) for

3

failing to make findings of the defendant's ability to pay was forfeited in the absence of an objection in the trial court. (*McCullough*, *supra*, 56 Cal.4th at p. 597.)[1]

Accordingly, we conclude that the issue was forfeited.

## IV.
## DISPOSITION

The judgment is affirmed.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
HUMES, J.

---

[1] In the course of the *McCullough* opinion the Supreme Court also disapproved *People v. Pacheco* (2010) 187 Cal.App.4th 1392, the principal case relied on by appellant in this appeal. (*McCullough*, *supra*, 56 Cal.4th at p. 599.)