Filed 12/18/13  P. v. Garcia CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039092 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1223717) |
| v. | |
| RONALD ALLAN GARCIA, | |
| Defendant and Appellant. | |

Defendant Ronald Allan Garcia pleaded no contest to possession of marijuana for sale (Health & Saf. Code, § 11359), three counts of possession of a dirk or dagger (Pen. Code, § 21310), possession of burglary tools (Pen. Code, § 466), possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1), and false representation of his name to a peace officer (Pen. Code, § 148.9).  The sentencing court imposed a 32-month prison term in accord with a plea agreement, plus several fees and penalty assessments, including drug program fees under Health and Safety Code section 11372.7.  That section requires the sentencing court to determine whether a defendant has the ability to pay drug program fees before imposing them.  The court made no explicit finding of defendant's ability to pay the fees.  Defendant, however, lodged no objection to the trial court's imposition of the fees.

On appeal, defendant challenges the drug program fees even though he had not objected to them in the trial court. He claims the evidence was insufficient to show his ability to pay the fees. Defendant further contends the minutes and abstract of judgment incorrectly state the amounts of various fees and penalty assessments.

Because defendant did not object to the imposition of drug program fees in the trial court, he did not preserve his claim on appeal that the evidence was insufficient to show his ability to pay them. However, we order the minutes and abstract of judgment corrected to state the proper amounts of fees and penalty assessments as reflected in the record of the sentencing hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, a San José police officer stopped defendant in a high crime area suffering from a recent increase in thefts, robberies, and burglaries. Defendant, wearing dark clothes, a black beanie and two backpacks, was sitting on a bicycle in the back alley of a business complex. Defendant gave the officer a false name and birth date. As the officer questioned defendant, the officer smelled marijuana.

The officer patted down defendant and found wire cutters, a folding knife, a steak knife, an axe, and a switch blade. After defendant consented to a search of his backpacks, the officer found a half-pound of marijuana and several small, empty, plastic baggies. The officer also found a hypodermic needle.

Defendant pleaded no contest to: (1) possession of marijuana for sale (Health & Saf. Code, § 11359); (2) three counts of possession of a dirk or dagger (Pen. Code, § 21310); (3) possession of burglary tools (Pen. Code, § 466); (4) possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1); and (5) false representation of identity to a peace officer (Pen. Code, § 148.9). Defendant also admitted a prior "strike" conviction and three prior prison terms. (Pen. Code, § 667, subds. (b) & (e).) At sentencing, the court reduced the three counts of possession of a

2

dirk or dagger to misdemeanors (Pen. Code, § 17). The court then imposed a term of 32 months in state prison, twice the mitigated term for possession of marijuana for sale.

The court also imposed a drug program fee of $150 for each of the two drug offenses, plus related penalty assessments. (Health & Saf. Code, § 11372.7.) Defendant lodged no objection to imposition of these fees. The minutes and the abstract of judgment stated the total amount of drug program fees as $450, plus $1,050 in penalty assessments. Additionally, the court imposed a $50 criminal laboratory analysis fee for each drug offense, with penalty assessments. (Health & Saf. Code, § 11372.5.) The minutes and the abstract of judgment stated the total amount of criminal laboratory fees as $150, plus $450 in penalty assessments.

## II. DISCUSSION

### A. *Imposition of the Drug Program Fees*

Defendant contends the record shows no evidence supporting his ability to pay the drug program fees imposed under Health and Safety Code section 11372.7 (section 11372.7). Respondent contends defendant forfeited his claim by failing to object at sentencing.

It is clear that section 11372.7, subdivision (b), required the court to determine whether the defendant had the ability to pay the drug program fees.[1] In *People v. McCullough* (2013) 56 Cal.4th 589, our high court noted that the prosecution had the burden of showing the defendant's ability to pay a booking fee under Government Code

---

[1] Section 11372.7, subdivision (b), provides: "The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability. In its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution. If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee."

3

section 29550, subdivision (a), by a preponderance of the evidence. (*People v. McCullough, supra* at p. 598.) Even were we to assume the prosecution has the same burden with respect to drug program fees under Health and Safety Code section 11372.7, subdivision (b), the probation report submitted to the sentencing court set forth the facts of defendant's financial status and recommended imposition of the drug program fees.[2] At the sentencing hearing, the trial court solicited argument from both parties concerning the accuracy of the probation report, and both the prosecutor and defense counsel submitted on the basis of the report.[3] Accordingly, we consider the probation report as evidence in support of the prosecution's burden to show defendant's ability to pay the fees. And the court, by imposing the drug program fees that were recommended in the probation report, made a determination of defendant's ability to pay them, satisfying the court's obligation to do so under the statute. (See *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413, fn. 2 [trial court is not required to make a finding on the record of defendant's inability to pay drug program fees].) Defense counsel lodged no objection to the accuracy of the probation report and made no argument regarding defendant's ability to pay the drug program fees.

Because defendant did not object in the trial court to the imposition of the drug program fees or the accuracy of the probation report, he has not preserved his claim for review; therefore, we decline to reach the merits of his claim on appeal. (See *People v. Sharret* (2011) 191 Cal.App.4th 859, 864 ["[b]ecause the trial court had the discretion to not impose the drug program fee, the prosecutor's failure to object forfeited any claim of error on appeal."]; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1518 [prosecution

---

[2] The probation report describes defendant's employment as a driver "on & off since 2001" at $25 to $30 per day.

[3] The prosecutor later offered a correction to the probation report that was unrelated to defendant's financial status or the imposition of drug program fees.

4

forfeited claim of error in sentencing court's failure to impose drug program fee by failing to object].)

    B. *Amounts of the Fees*

Defendant contends the minutes and abstract of judgment incorrectly state the total amounts of the drug program fees and criminal laboratory analysis fees, as well as the related penalty assessments the court imposed at sentencing. Respondent concedes that the minutes and the abstract of judgment incorrectly state these fees and assessments. We will accept respondent's concession and order correction of the abstract of judgment.

"The oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment." (*People v. Sharret, supra,* 191 Cal.App.4th at p. 864.) Here, the court orally imposed a drug program fee of $150 for each of the two drug offenses, plus penalty assessments. At the time of the offense, the penalty assessments equaled 300 percent of the fees.[4] Therefore, the program fees should have totaled $300, plus $900 in penalty assessments. The minutes and the abstract of judgment incorrectly stated the total amount as $450 in fees plus $1,050 in penalty assessments. Courts may correct such clerical errors at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We will do so.

---

[4] The 300 percent penalty assessment is calculated as follows: 100 percent (Pen. Code, § 1464, subd. (a)(1)), plus 20 percent (Pen. Code, § 1465.7, subd. (a)), plus 50 percent (Gov. Code, § 70372, subd. (a)(1)), plus 70 percent (Gov. Code, § 76000, subd. (a)(1)), plus 10 percent (Gov. Code, § 76104.6, subd. (a)(1)), plus 30 percent (Gov. Code, § 76104.7, subd. (a), as amended by Stats. 2011, ch. 36, § 16), plus 20 percent (Gov. Code, § 76000.5, subd. (a)(1)). (See *People v. Voit* (2011) 200 Cal.App.4th 1353, 1373-1374.) We note that the penalty assessment under Government Code section 76000.5 only applies if so elected by the county board of supervisors. We take judicial notice of a resolution to this effect passed by the Santa Clara County Board of Supervisors on April 10, 2007. As of the filing of this opinion, the minutes can be found at <http://sccgov.iqm2.com/Citizens/FileOpen.aspx?Type=12&ID=1407> [as of Dec. 18, 2013].

The court also orally imposed a $50 criminal laboratory analysis fee, plus penalty assessments, for each of the two drug offenses.  The minutes and the abstract of judgment incorrectly stated the total amounts as $150 in laboratory fees plus $450 in penalty assessments.  The criminal laboratory analysis fees and their penalty assessments should total $100 and $300, respectively.

### III.    DISPOSITION

We order the minutes and abstract of judgment corrected to reflect the following fees and penalty assessments:  (1) $300 in total drug program fees, plus $900 in penalty assessments; and (2) $100 in total criminal laboratory analysis fees, plus $300 in penalty assessments.  As modified, the judgment is affirmed.


_____
                                MÁRQUEZ, J.



WE CONCUR:




_____
    RUSHING, P. J.




_____
    GROVER, J.




6