Filed 3/6/14  P. v. Parris CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B247678 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA385759) |
| v. | |
| TERRY PARRIS, Jr., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Leslie A. Swain, Judge.  Affirmed as modified.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Linda C. Johnson, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Terry Parris, Jr. pleaded guilty to one count of possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1) (count 4) and was placed on probation on various terms and conditions. The minute order for defendant's sentencing hearing stated that the trial court dismissed counts 1, 2, and 3 "pursuant to plea negotiation." On appeal, defendant's appointed counsel filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting this court to conduct an independent review of the record to determine if there are any arguable issues. On June 6, 2013, we gave notice to defendant that counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant did not file a responsive brief or letter.

After independently reviewing the record, we asked the parties to submit letter briefs addressing whether the probation terms, as reflected in the trial court's minute order, that defendant "stay away from places where users or sellers [of narcotics, dangerous or restricted drugs] congregate [and to] not associate with drug users or sellers unless attending a drug treatment program" are unconstitutionally vague because they do not include a knowledge requirement, i.e., that defendant stay away from places where he knows illicit drug users or sellers congregate, and that he not associate with persons he knows are illicit drug users or sellers. We further asked the parties whether this court is required to strike the following probation terms from the trial court's minute order because they were not part of the trial court's oral grant of probation: "Obey all rules and regulations of the Probation Department"; "Do not associate with drug users or sellers unless attending a drug treatment program"; "carry proof of registration [as a convicted narcotics offender] at all times, display registration to any law enforcement officer upon request"; and pay a $35 penalty assessment pursuant to Government Code section 76000. Finally, we pointed out to the parties that although the trial court did not rule on the prosecutor's motion to dismiss counts 1, 2, and 3, the trial court's minute order reflects that the counts were "dismissed pursuant to plea negotiation." We asked the parties, if

2

they agreed that dismissal of counts 1, 2, and 3 was part of the plea agreement and that the trial court inadvertently failed to orally dismiss those counts at the sentencing hearing, whether this court may correct the error on appeal or must we remand the matter to the trial court to conduct a new sentencing hearing at which the trial court orally dismisses counts 1, 2, and 3. We order defendant's probation term that he is to stay away from places where users or sellers of narcotics, dangerous or restricted drugs congregate modified to reflect a knowledge requirement; we order the remaining identified probation terms stricken, except for the $35 penalty assessment pursuant to Government Code section 76000; and we order counts 1, 2, and 3 dismissed. The judgment is otherwise affirmed.

## FACTUAL BACKGROUND[1]

About 3:00 a.m. on June 18, 2011, Los Angeles Police Department Officer Jason Haberkorn and his partner, Officer Horrigan, were working traffic detail in Hollywood. As the officers stood next to their patrol car, they were approached by three or four persons who stated that there was a Black man at the corner of Hollywood and McCadden with a gun. They said the man was wearing a white T-shirt and dark pants. When the group pointed toward the intersection, Officer Haberkorn saw a man who fit the description—defendant.

The officers contacted defendant with their guns drawn, and ordered him to lie on the ground. The officers placed defendant in handcuffs, and took him into custody. Defendant asked why he was being stopped. Officer Haberkorn, responded, "Due to officer safety we'll get to that as soon as we can, once we come and take you into control." The officer then explained that they were "conducting an investigation for a possible man with a gun." Defendant said that he had a gun in his waistband. Officer Haberkorn searched defendant and recovered a loaded handgun. During a further search,

---

[1]    The factual background is taken from the hearing on defendant's motion to suppress evidence. (Pen. Code, § 1538.5.)

the officer recovered five or six plastic baggies that contained a powered substance that resembled powder cocaine.

## PROCEDURAL BACKGROUND

The District Attorney of Los Angeles County filed an information charging defendant with having a concealed weapon on his person (former Pen. Code, § 12025, subd. (a)(2), now Pen. Code, § 25400, subd. (a)(2)), carrying a loaded, unregistered handgun (former Pen. Code, § 12031, subd. (a)(1), now Pen. Code, § 25850, subd. (a)), and possession for sale of a controlled substance (cocaine) (Health & Saf. Code, § 11351). Defendant pleaded not guilty to all counts.

The trial court heard and denied defendant's suppression motion. After the hearing on the suppression motion, the trial court permitted the prosecution to amend the information to add the charge of possession of a controlled substance while armed with a loaded firearm. (Health & Saf. Code, § 11370.1.) Defendant waived his constitutional rights and pleaded guilty to violating Health and Safety Code section 11370.1. The trial court suspended imposition of sentence, and placed defendant on formal probation for three years under various terms and conditions. The minute order for defendant's sentencing hearing states that the trial court dismissed the remaining counts.

## DISCUSSION

The parties agree, as do we, that the probation term that defendant stay away from places where narcotics users or sellers congregate is unconstitutionally vague because it does not include a knowledge requirement, i.e., that defendant stay away from places where he knows illicit drug users or sellers congregate.[2] (*In re Sheena K.* (2007) 40 Cal.4th 875, 890-891; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816.) That term is ordered modified to reflect such a knowledge requirement.

---

[2] Although the parties agree that the probation term that defendant not associate with drug users or sellers unless attending a drug treatment program suffers the same constitutional infirmity, we do not address that term here as we order it stricken below.

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. [Citations.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment." (*Id.* at pp. 387-388.) Thus we agree with the parties that this court is required to strike the following probation terms from the trial court's minute order because they were not part of the trial court's oral grant of probation: "Obey all rules and regulations of the Probation Department"; "Do not associate with drug users or sellers unless attending a drug treatment program"; and "carry proof of registration [as a convicted narcotics offender] at all times, display registration to any law enforcement officer upon request." Accordingly, those probation terms are ordered stricken. (*People v. Zackery, supra,* 147 Cal.App.4th at pp. 385, 387-388.)

We disagree with the parties that we must strike the probation term that defendant must pay a $35 penalty assessment pursuant to Government Code section 76000 because the trial court did not orally impose that term. "Unless the Legislature has otherwise provided, . . . penalty assessments under . . . Government Code section 76000 are mandatory." (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1521.)

As to the trial court's failure to rule on the prosecutor's motion to dismiss counts 1, 2, and 3, the parties agree that dismissal of those counts was part of the plea agreement and that we should dismiss them. Our Supreme Court has held, "[b]ecause a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. [Citation.] Acceptance of the agreement binds the court and the parties to the agreement. [Citations.]" (*People v. Segura* (2008) 44 Cal.4th 921, 930; see also *Santobello v. New York* (1971) 404 U.S. 257, 262 ["when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"].) The prosecutor's motion to dismiss counts 1, 2, and 3 reflects that dismissal of those counts was part of the plea

agreement.  Accordingly, we order counts 1, 2, and 3 dismissed.  (See *People v. Segura, supra,* 44 Cal.4th at p. 930; see also *Santobello v. New York, supra,* 404 U.S. at p. 262.)

We have otherwise examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no other arguable issues exist.  (*People v. Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The terms of defendant's probation are modified to provide that defendant is to stay away from places where he knows illicit drug users or sellers congregate.  The following probation terms are ordered stricken from the trial court's minute order:  "Obey all rules and regulations of the Probation Department"; "Do not associate with drug users or sellers unless attending a drug treatment program"; and "carry proof of registration [as a convicted narcotics offender] at all times, display registration to any law enforcement officer upon request."  Counts 1, 2, and 3 are dismissed.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.

We concur:


TURNER, P. J.


MINK, J.*

---

\*      Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6