Filed 11/1/24  P. v. Arenas CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JEREMY ARENAS, Defendant and Appellant. | D083106 (Super. Ct. No. SCS303353) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Jill Kent, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Sharon L. Rhodes and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court declined to exercise its discretionary authority under Penal Code section 1385 to strike a five-year sentencing enhancement.[1] Defendant Jeremy Arenas claims this was an abuse of discretion because the court failed to state on the record whether dismissing the enhancement would endanger public safety, an analysis required by the statute. But having failed to raise this issue to the trial court, he has forfeited it on appeal. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2019, a jury convicted Arenas of robbery (count 1, § 211), making a criminal threat (count 2, § 442), and attempting to prevent or dissuade a witness from testifying (count 3, § 136.1, subd. (a)(2)). The jury found true the allegation that Arenas inflicted great bodily injury on the victim of the robbery. (§ 1192.7, subd. (c)(8)). Before sentencing, Arenas admitted that he had the following: three strike priors (§§ 667, subds. (b)–(i), 668, 1170.12); two prior serious felony convictions that each carried a consecutive five-year sentencing enhancement, so-called "nickel priors" (§ 667, subd. (a)(1)); and two prison priors that each carried a consecutive one-year enhancement (§ 667.5, subd. (b)). After dismissing two of Arenas's strike priors and one of his prison priors, the court sentenced him to a total prison term of 22 years four months. This sentence was broken down into an aggregate 11-year four-month term on counts 1 through 3, a consecutive one-year term for Arenas's remaining prison prior, and two consecutive five-year terms for his two nickel priors.

---

[1]    Subsequent statutory references are to the Penal Code.

This is Arenas's third trip to this court since then.[2]  In 2020, we vacated his sentence, ordered the court to strike the remaining prison prior, and affirmed the judgment in all other respects.  (*Arenas I, supra,* D075840.)  After striking the remaining prison prior and one of his nickel priors, the trial court imposed a 16-year four-month custodial term consisting of an 11-year four-month aggregate term on counts 1 through 3—which factored in Arenas's remaining strike prior—and a five-year consecutive term for his remaining nickel prior.  In 2022, we ordered a second resentencing so that two laws amending California's determinate sentencing law could be retroactively applied.  (*Arenas II, supra,* D079663.)  The trial court subsequently imposed a prison term of 12 years four months comprised of an aggregate term of sever years four months on counts 1 through 3—again doubled under the Three Strikes law—and a consecutive five-year term for the remaining nickel prior.

The court's decision not to strike Arenas's last nickel prior brings him before us on this third occasion.  Courts considering whether to strike a sentencing enhancement under section 1385 must determine whether doing so would be in the "furtherance of justice."  (§ 1385, subd. (c)(1).)  In making that determination, they must give "great weight" to a defendant's evidence of any of the mitigating circumstances enumerated in the statute.  (*Id.*, subd. (c)(2).)  Proof of one or more of these circumstances, courts are instructed, "weighs greatly in favor of dismissing the enhancement, unless the court

[2]    Rather than state the entire factual and procedural background of this case, we will assume familiarity with our prior unpublished opinions from Arenas's first two appeals.  (*People v. Arenas* (Apr. 24, 2020, D075840) (*Arenas I*); *People v. Arenas* (Nov. 10, 2022, D079663) (*Arenas II*).)

finds that dismissal of the enhancement would endanger public safety." (*Ibid.*)

During the second resentencing hearing, Arenas referred to this statutory framework and argued that three enumerated mitigating circumstances supported both a shorter sentence on counts 1 through 3 and a dismissal of his remaining nickel prior.[3] The court cited one of those factors as a reason to reduce the length of his custodial term. But as to Arenas's last nickel prior, the court concluded that it was "appropriately applied" without providing any specific reasons for this decision or referring to the analyses required by section 1385. Arenas did not ask the court to provide any reasons but now points to their omission as a basis for a third remand.

## DISCUSSION

Arenas claims that the court abused its discretion in deciding not to strike his remaining nickel prior because the court did not state on the record whether striking it would endanger public safety. The People counter that this issue has been forfeited because Arenas did not ask the court to state the reasons for its decision. To the extent the issue was preserved, the People contend that Arenas fails to rebut the presumption that the court knew the scope of its discretion, that his argument really boils down to a dispute over the weight the trial court gave the mitigating and aggravating factors— which is not a proper basis to find an abuse of discretion—and that any error

---

[3] The enumerated mitigating circumstances Arenas presented were that the offense was "connected to his prior victimization or childhood trauma," that he suffers from mental illness, and that his remaining nickel prior was based on a conviction more than five years old. (§ 1385, subd. (c)(2)(D), (c)(2)(E), (c)(2)(H).) The trial court credited the first factor when imposing a lower sentence on counts 1 through 3.

4

would be harmless.  We agree with the People that Arenas has forfeited this issue, and on that basis we affirm.

"A party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial.' " (*People v. Scott* (2015) 61 Cal.4th 363, 406 (*Scott*).)  This forfeiture rule applies to a claim that the court "failed to state any reasons" for a discretionary sentencing decision.  (*Ibid.*)  Arenas's claim falls within this category of forfeitable claims because a decision to strike a sentencing enhancement is a discretionary sentencing choice.  (§ 1385, subd. (c)(2).)

This case provides a good example why forfeiture applies to this category of claims.  The question before the trial court was whether using its discretion to strike Arenas's nickel prior would be in the furtherance of justice.  (§ 1385, subd. (c)(1); *People v. Walker* (2024) 16 Cal.5th 1024, 1036.)  In making this decision, the court needed to determine whether striking it would endanger public safety because the outcome of that analysis would dictate how much weight to give his enumerated mitigating factors.  (§ 1385, subd. (c)(2); *Walker*, at p. 1038.)  But a statement of reasons under section 1385 is required only when the court exercises its discretion to strike a sentencing enhancement.  (§ 1385, subd. (a); *People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*).)  Because the court was under no statutory obligation to provide a statement of reasons when declining to strike Arenas's nickel prior, it was incumbent on him to request the reasons for the court's decision once it was announced if he thought the judge had failed to consider and properly evaluate the relevant considerations.  (*People v. Saunders* (1993) 5 Cal.4th 580, 590 ["The law casts upon the party the duty of looking

after his legal rights and of calling the judge's attention to any infringement of them." (Internal quotation marks omitted.)].)

" 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114 (*Stowell*).) For this reason, "[a] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct." (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208, fn. omitted.) Because Arenas neither asserts that the judge failed to give him a meaningful opportunity to object to its decision not to strike his nickel prior nor contends that this sentencing enhancement "could not lawfully be imposed under any circumstance," the forfeiture rule precludes us from addressing the merits of his claim. (*People v. Scott* (1994) 9 Cal.4th 331, 354, 356.)

We would not be inclined to order a remand even if we were to excuse Arenas's forfeiture. He urges us to presume the court did not conduct the required endangerment analysis because it is not stated on the record. But Arenas has the presumption backward, as " 'a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517.) Accordingly, when a statement of reasons is not required and "the record is silent," we "will presume the trial court had a proper basis for a particular finding or order." (*Stowell*, *supra*, 31 Cal.4th at p. 1114.) In short, we do not presume error from a silent record. (*Ibid.*)

We are further convinced a remand is unnecessary because there were proper legal and factual bases for the court's decision not to strike Arenas's nickel prior, including sufficient reasons to conclude that doing so would endanger public safety. Arenas made the court aware of its discretion under section 1385 and provided it with the statutory framework. He also

6

discussed three of section 1385's enumerated mitigating factors at length during the second resentencing hearing.

But the court was also aware of significant aggravating factors. They included a lengthy criminal history that, among other things, indicated "a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others," the definition of "endanger public safety." (§ 1385, subd. (c)(2).) In the present case, the robbery in count 1 caused great bodily injury to the victim, and the conviction in count 3 stemmed from Arenas's threats to the victim while he was testifying at the preliminary hearing. (*Arenas I, supra,* D075840.) The court was aware that Arenas committed these offenses while on parole for a 2015 conviction—assault by means to produce great bodily injury (§§ 245, subd. (a)(4) & 1192.7, subd. (c)(8))—which he sustained for punching an elderly man in the nose and for which he was sentenced to four years in prison. Arenas also was convicted of robbery in 2003, attempted robbery in 2009, and for robbery again in 2010, with the last conviction also carrying a four-year prison sentence. That Arenas may disagree with how much weight the court gave these aggravating factors does not demonstrate that the court lacked a proper basis for its decision not to strike his nickel prior or that declining to do so was an abuse of discretion. (*Carmony, supra*, 33 Cal.4th at pp. 376–377 [evidence not reweighed when reviewing for abuse of discretion].)

## DISPOSITION

The judgment is affirmed.

DATO, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

8