Filed 9/23/24  P. v. Fuesz CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JASON RICHARD FUESZ,<br><br>        Defendant and Appellant. | A168864<br><br>(Sonoma County<br>Super. Ct. No.<br>SCR710461-1) |

Defendant Jason Richard Fuesz appeals from an order striking his prior prison term enhancement and reducing his sentence by one year pursuant to Penal Code section 1172.75.[1]  He contends: (1) the trial court abused its discretion by not conducting a full resentencing in light of other revisions to the sentencing laws, and (2) his attorney provided ineffective assistance by not asking the court to do so.  Based on the record in this appeal, Fuesz has not established error or ineffective assistance of counsel. We therefore affirm the judgment.[2]

---

[1]     All further statutory references are to the Penal Code.

[2]     Fuesz filed a related petition for writ of habeas corpus, which presents the same ineffective assistance claim (*In re Fuesz* (Super. Ct. Sonoma County, 2023, No. A169619) (Case No. A169619)).  We deferred ruling on the petition pending consideration of this appeal.  We also invited the parties to submit briefs in the habeas corpus proceeding on whether an order to show cause

1

## I.  FACTS AND PROCEDURAL BACKGROUND

According to a pre-sentence probation report, Fuesz committed two bank robberies.  On September 13, 2017, he entered a Santa Rosa bank with a bandana covering his face, pointed a handgun at a teller, and demanded money.  The teller gave him $1,000, and he left the bank.  On September 16, 2017, Fuesz entered a different bank in Santa Rosa while wearing a mask, pointed a gun at an employee, and said, " 'This is a robbery.  Everybody get down.' "  After pointing a gun at a customer, he pointed it at a teller and ordered, " 'Give me the money.' "  The teller gave Fuesz $5,230, and he left the bank.

### A.  Convictions and Original Sentencing

In February 2018, Fuesz was charged with two counts of second degree robbery (§ 211; counts 1 & 3) and two counts of second degree commercial burglary (§ 459; counts 2 & 4).  The Information alleged that he personally used a firearm in his commission of counts 1 and 3 (§ 12022.53, subd. (b)) and in his commission of counts 2 and 4, making counts 2 and 4 serious and violent felonies (§ 12022.5, subd. (a)).  In addition, the Information alleged that Fuesz had five prior strike convictions (§§ 667, subds. (d)—(e); 1170.12, subds. (b)—(c)), two prior serious felony convictions (§ 667, subd. (a)), and a prior prison term (§ 667.5, subd. (a)).

Fuesz faced a maximum sentence of 31 years if convicted on all counts.  Pursuant to a negotiated plea agreement in May 2019, he entered no contest pleas to counts 1 and 3 (robberies) and admitted the personal use

---

should issue, and we have received those briefs.  Based on the record in the habeas corpus proceeding, we are issuing an order to show cause in that case on the same day we are filing this opinion.  The disposition of this appeal is without prejudice to our consideration of the habeas petition in Case No. A169619.

enhancement as to count 1 (§ 12022.53, subd. (b)), a prior strike conviction, and an amended prior prison term enhancement (§ 667.5, subd. (b)). Counts 2 and 4 (burglaries) and the remaining allegations were dismissed. The parties stipulated to a total prison term of 19 years.

In August 2019, the trial court sentenced Fuesz to 19 years in prison as follows: the midterm of three years on the count 1 robbery, doubled to six years due to his prior strike conviction; one-third the midterm on the count 3 robbery, doubled to two years; 10 years for the personal use enhancement; and one year for the prior prison enhancement.

B. Change in Sentencing Laws

When Fuesz was sentenced in August 2019, section 667.5, subdivision (b) required trial courts to impose a one-year enhancement for each prior prison term if the defendant had not remained free of custody for at least five years. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681 (*Jennings*).)

Effective January 1, 2020, Senate Bill No. 136 (2021-2022 Reg. Sess.) (Sen. Bill 136) amended section 667.5, subdivision (b), by limiting the prior prison term enhancement to prior terms for sexually violent offenses under Welfare and Institutions Code section 6600, subdivision (b). (Stats. 2019, ch. 590, § 1; see *Jennings*, *supra*, 42 Cal.App.5th at p. 681.) Enhancements based on prior prison terms for all other offenses became legally invalid in all nonfinal cases and subject to being stricken. (*Jennings*, at pp. 681–682.)

In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Sen. Bill 483). As of January 1, 2022, Sen. Bill 483 retroactively applied Sen. Bill 136 "to all persons currently serving a term of incarceration in jail or prison for th[o]se repealed [section 667.5, subdivision (b)] sentence enhancements." (Stats. 2021, ch. 728, § 1.) To that end, Sen. Bill 483 added

former section 1171.1, which was later renumbered section 1172.75. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

Section 1172.75 provides that a sentence enhancement imposed for a prior prison term before 2020 pursuant to section 667.5, subdivision (b) (unless imposed for a sexually violent offense) "is legally invalid." (§ 1172.75, subd. (a).) Moreover, subdivision (c) of section 1172.75 provides that, when the defendant's judgment included such an enhancement, the trial court "shall recall the sentence and *resentence* the defendant." (Italics added.)

Section 1172.75 details aspects of this "resentenc[ing]" procedure: (1) the procedure "shall result in a lesser sentence than the one originally imposed" unless the trial court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety (§ 1172.75, subd. (d)(1)); (2) the court "shall apply the sentencing rules of the Judicial Council and *apply any other changes in law that reduce sentences or provide for judicial discretion* so as to eliminate disparity of sentences and to promote uniformity of sentencing" (*id.*, subd. (d)(2), italics added); and (3) the court "*may consider postconviction factors . . . and evidence that reflects that circumstances have changed* since the original sentencing so that continued incarceration is no longer in the interest of justice" (*id.*, subd. (d)(3), italics added). In short, section 1172.75 not only requires that a now-invalid prior prison term enhancement be stricken, it also requires that a court resentence a defendant in light of ameliorative laws enacted since the defendant's initial sentencing, and allows the court to consider postconviction behavior.

Thus, at a resentencing under section 1172.75, a trial court may, among other things, dismiss an enhancement previously imposed under

4

section 12022.53, subdivision (b) for personal use of a firearm (§§ 1385, subd. (c) & 12022.53, subd. (h); see *People v. Tirado* (2022) 12 Cal.5th 688, 700 (*Tirado*)) or impose the lower term (see Sen. Bill No. 567 (2021-2022 Reg. Sess.) [amending section 1170 to require imposition of the middle term except in specified circumstances and in some instances requiring the lower term]).

C. <u>Fuesz's Request for Resentencing</u>

The enactment of section 1172.75 resulted in Fuesz's case being remanded to the trial court for resentencing. At a hearing on August 2, 2023, the court asked counsel, "Is the agreement the one year 667.5(b) is going to be stricken?" Defense counsel replied, "Yes" and confirmed that the total term would be 18 years. The court then inquired, "So *anything else*?" (Italics added.) Defense counsel replied, "No, submitted." The court then stated: "I'll go ahead and resentence him and strike the prior enhancement under 667.5(b), so his total term will be 18 years." The court and parties addressed the calculation of credits but did not discuss any other potential sentence reductions. Fuesz timely filed a notice of appeal.

## II. <u>DISCUSSION</u>

Fuesz contends his defense counsel was ineffective for not asking the trial court to resentence him fully at the section 1172.75 hearing. He also contends the court erred by not doing so on its own. He suggests he could have received, in addition to the one-year reduction for the stricken prior prison term enhancement, a 10-year reduction if the court struck the enhancement for personal use of a firearm that had been imposed under section 12022.53 or additional reductions if the court imposed the lower term for his robbery convictions. He also contends the court should have considered his remorse and mitigating factors arising after his conviction and

5

original sentencing.  Based on the record in this appeal, his contentions lack merit.

A.  Ineffective Assistance

To establish ineffective assistance of counsel, "a defendant must demonstrate that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's representation subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Samayoa* (1997) 15 Cal.4th 795, 845.)

To show that trial counsel's performance was deficient, the defendant must show that counsel's act or omission was not due to a rational strategy. As our Supreme Court has explained: "When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance.  It is particularly difficult to prevail on an *appellate* claim of ineffective assistance.  On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.  All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Here, Fuesz fails to establish that defense counsel did not make a reasonable tactical choice.  To the contrary, based on the record in this appeal, defense counsel could have reasonably chosen to obtain the one-year sentence reduction for the invalid prior prison term enhancement–but *not*

6

seek further sentencing relief–to avoid the possibility that an additional reduction in sentence could entitle the prosecutor to withdraw from the plea agreement. (See *People v. Stamps* (2020) 9 Cal.5th 685, 705—709 (*Stamps*) [when a trial court exercises its discretion to strike a serious felony enhancement under an amendment to section 1385, the prosecution may withdraw from the plea agreement].) The plea agreement was extremely favorable to Fuesz, reducing a potential 31-year prison sentence to 19 years (further reduced under section 1172.75 to 18 years), and it would be reasonable for counsel not to place that disposition in jeopardy.

In his reply brief, Fuesz protests that *Stamps* was not dispositive of the issue because it involved the dismissal of a multi-year prior strike enhancement under a different statute, while Fuesz's counsel could have requested merely a reduction from the middle to the lower term. But the point is that, based on the appellate record, defense counsel could have reasonably been concerned that *Stamps could* be applied by analogy to any reduction beyond the one-year reduction. In fact, roughly two months after Fuesz's resentencing, Division One of this court in *People v. Coddington* (2023) 96 Cal.App.5th 562 (*Coddington*) read *Stamps* exactly that way, warning that the prosecutor could withdraw from a plea agreement if a sentence was reduced under section 1172.75 beyond the elimination of a prison prior. (*Coddington*, at pp. 570—572.) While other Courts of Appeal have subsequently disagreed with *Coddington* (e.g., *People v. Carter* (2023) 97 Cal.App.5th 960, 968—974), the record in this appeal allows the inference that, at the time of Fuesz's section 1172.75 hearing, the possibility of prosecutorial withdrawal from the plea bargain was a reasonable concern. Indeed, it remains a concern because the California Supreme Court has granted review in *People v. Montgomery* (2024) 100 Cal.App.5th 768, to

resolve this issue once and for all. (*People v. Montgomery*, review granted May 29, 2024, S284662.)

Fuesz urges that his defense counsel acted out of ignorance rather than strategy, citing to counsel's declaration in Fuesz's habeas corpus petition in Case No. A169619. But when evaluating a claim of ineffective assistance on direct appeal, we are limited to the appellate record. Where, as here, the record on appeal sheds no light on why counsel acted or failed to act, an ineffective assistance claim is more appropriate for habeas corpus proceedings. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.) Fuesz fails to establish ineffective assistance in this appeal.

B. <u>Trial Court Did Not Abuse Its Discretion</u>

"When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion. [Citation.] A court acting while unaware of the scope of its discretion is understood to have abused it." (*Tirado, supra*, 12 Cal.5th at p. 694.) Here, Fuesz claims the trial court failed to exercise its discretion by not considering sua sponte any aspect of his sentence beyond the prior prison enhancement (and custody credits), based on mitigating factors from his original conviction and his post-conviction behavior. We disagree. Even if Fuesz did not forfeit his challenge to sentencing issues by failing to raise them, he fails to establish that the court erred by not ruling on something he never presented.

A trial court is presumed to have known and followed the applicable law. (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517.) Nothing in the appellate record suggests that the court was unaware of its sentencing discretion under section 1172.5 or misunderstood it. To the contrary, the court asked defense counsel whether he wanted to raise "anything else"

8

besides the reduction for striking the prior prison term enhancement, and counsel replied, "No."  A reasonable inference is that, even though the court recognized its authority to consider other adjustments to the sentence, Fuesz opted not to ask the court to exercise that authority because it would be unfruitful or even inadvisable for him to do so.  (See *Stamps, supra,* 9 Cal.5th at pp. 705–709.)  Fuesz presents no legal authority that the court must resentence a defendant against the defendant's will.  He fails to establish error.

## III.  DISPOSITION

The order is affirmed.


CHOU, J.


We concur.


SIMONS,  ACTING P.J.


BURNS, J.


(*People v. Fuesz A168864*)

9