Filed 11/14/25  P. v. Harris CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br> MICHAEL PATRICK HARRIS,<br><br>     Defendant and Appellant. | C100949<br><br>(Super. Ct. Nos. 23FE012757, 20FE013314) |

Defendant Michael Patrick Harris pled no contest to driving under the influence and admitted a great bodily injury enhancement allegation.  Over the People's objection, the trial court placed him on five years of probation and imposed but stayed a three-year sentence on the enhancement.  Nearly three years later, defendant was again convicted of driving under the influence.  The court revoked defendant's probation and sentenced him to five years in prison.

On appeal, defendant claims the trial court erred in sentencing him to five years in prison, and alternatively asserts the court was unaware of its discretion to strike the enhancement in the earlier case.  The People concede the trial court did not appreciate its

1

discretion but argue it did not err because the original sentencing court would not have struck the enhancement. We vacate defendant's sentence and remand for resentencing but otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

*2020 Case*

In 2020, defendant was driving a van and made a left-hand turn over a concrete curb, hitting another car head-on and severely injuring the other driver. Defendant appeared to be intoxicated at the scene of the collision and a blood test later confirmed he was under the influence of flualprazolam and cannabis at the time of the collision.

The People filed a complaint charging defendant with driving under the influence and causing bodily injury to another person (Veh. Code, § 23153, subd. (f)) (2020 case). The complaint further alleged defendant inflicted great bodily harm on the victim. (Pen. Code, §§ 12022.7, subd. (a), 1192.7, subd. (c)(8).)[1]

The trial court extended a plea offer to defendant over the prosecution's objection. The court's offer required defendant to plead to the underlying charge and the enhancement alleged in the complaint. In exchange, defendant would be placed on formal probation for five years, "serve one year in the county jail, and the [c]ourt would stay the imposition of sentence on the great bodily injury." The court told defendant that if he violated his probation it would impose the sentence and he would go to prison for an additional three years. The court further advised defendant that he could also be sentenced on the underlying offense for a total term of up to six years in prison.

Defendant pled no contest to driving under the influence and admitted the great bodily injury enhancement. The trial court pronounced the following sentence: "It is the judgment and sentence of this [c]ourt that for violation of Vehicle Code Section 23153[, subdivision ](f), the defendant will serve 364 days in the county jail. [¶] . . . [¶] He will

---

[1] Further undesignated statutory references are to the Penal Code.

be placed on five years of formal probation. . . ." "With regard to Penal Code Section 12022.7[, subdivision ](a), three years, which will be stayed."

The minute order indicated the trial court imposed and stayed the great bodily injury enhancement. The order of probation stated: "It is the order of the court that the defendant be committed to the state prison of the State of California for the term of [three] years. Execution of said sentence is suspended for a period of [five] years during which time the defendant is placed on formal probation on the following general and specific terms and conditions[.] [¶] The defendant shall serve 364 days in the Sacramento County Jail."

*2023 Case*

In 2023, the Elk Grove Police Department received a 911 call that reported an individual who was "slumped over" near an ATM and appeared to be intoxicated. As officers were en route to investigate, two other people called 911 to report a car that was driving recklessly. Officer Keith Sager responded to the call and saw defendant's car veer into a curb and back into the traffic lane. Officer Sager pulled defendant over and noticed defendant had slurred speech and difficulty with balance. During a search of the car, Officer Sager found a bottle with two pills, which were later determined to be alprazolam and fentanyl. A toxicology report later determined both alprazolam and fentanyl were present in defendant's blood at the time of the arrest, and an expert testified that based on the toxicology report defendant was too impaired to drive safely.

The People filed an amended information that charged defendant with driving under the influence with a prior driving under the influence conviction (Veh. Code, §§ 23152, subd. (f), 23550.5) (2023 case). The information further alleged that defendant had a prior serious felony conviction (§ 1192.7, subd. (c)) and that defendant was on probation when he committed the underlying offense (§ 1170; Cal. Rules of Court, rule 4.421(b)(4)). The People also filed a petition to revoke defendant's probation. A jury found defendant guilty of driving under the influence. The trial court concluded

3

defendant was on probation when he committed the underlying crime and found the prior serious conviction allegation to be true.

At sentencing, the trial court acknowledged that "the record [in the 2020 case] is not entirely clear." It observed: "[T]he Court issued a three-year state prison sentence on the [great bodily injury enhancement], and though it didn't specifically state, by inference it is clear from the record that imposition of sentence on the [underlying driving under the influence conviction] was suspended because the Court minutes only note that the defendant was placed on probation under the terms and conditions of probation, including 365 days in county jail and the other terms. [¶] . . . [T]he underlying maximum penalty the defendant could have been subjected to under [section] 1170 et seq. is only two years, not three years, so it's a 16/2. . . . [¶] . . . The Court has the discretion to sentence the [prior driving under the influence conviction] by putting -- reinstating terms and conditions of probation, same terms and conditions or modifying terms and conditions or terminating probation and imposing a sentence on the [prior driving under the influence conviction] and lifting the stay on the [enhancement]. [¶] In that case, based upon the fact of all of the circumstances in this case, the Court will not reinstate terms and conditions. Probation in the 20FE13314 case is terminated. [¶] As to the underlying [driving under the influence conviction], the Court will impose midterm. The Court imposes midterm[, two years,] based upon the seriousness of the offense, the circumstances surrounding it. [¶] . . . [¶] On the three year[] [enhancement] under [section] 12022.7, that was imposed and stayed. The Court does not have discretion. The Court lifts or does not have discretion to impose any other term other than the three years. The Court simply lifts the stay and a total of five years on the 2020 case."

In the 2023 case, the trial court imposed a consecutive term of 16 months: one-third the two-year midterm, doubled based on the prior serious felony conviction.

Defendant filed a timely notice of appeal.

4

DISCUSSION

Defendant claims the trial court in the 2023 case erred in sentencing him to five years in prison in the 2020 case, arguing the original sentencing court imposed a three-year aggregate sentence. Alternatively, defendant argues the trial court in the 2023 case was unaware of its discretion to modify the enhancement or correct what he contends was an unauthorized sentence in the 2020 case urging this court to remand the case for resentencing. The People contend the court in the 2023 case properly imposed a five-year prison term in the 2020 case, asserting the court was required to impose a base term for the underlying driving under the influence offense after the original sentencing court did not do so and imposed an unauthorized sentence. Even so, the People take the position that we should affirm the judgment, arguing the record is clear the original sentencing court would not have struck the enhancement despite conceding that the court did not appreciate its discretion to correct the unauthorized sentence at the subsequent sentencing hearing.

As we will explain, the trial court erred because it failed to understand its discretion to correct what we conclude was an unauthorized sentence. We will remand to allow the court to exercise its informed discretion to correct the unauthorized sentence and resentence defendant.

A sentence is unauthorized when it could not lawfully be imposed under any circumstances. (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1516-1517.) The original sentencing court was required to either suspend imposition of a sentence or impose and suspend execution of a sentence before placing defendant on probation. (§ 1203.1, subd. (a).) Instead, the original sentencing court did not pronounce a sentence for the underlying driving under the influence offense but imposed and suspended execution of the great bodily injury enhancement. (*People v. Hill* (1986) 185 Cal.App.3d 831, 834 ["[A]n aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component

5

infects the entire scheme."].)  As a result, we conclude the original sentencing court's oral pronouncement of judgment was unauthorized.  (*People v. Price* (2004) 120 Cal.App.4th 224, 243 (*Price*).)

Despite the trial court's statement at the second sentencing hearing that the record from the 2020 case was "not entirely clear," and its finding that the original sentencing court suspended imposition on the underlying offense but imposed and stayed the enhancement, both parties claim that the record supports their respective positions.  We disagree with the parties.

To determine the sentence imposed by the first sentencing court, we look to the oral pronouncement of the sentence.  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)  "Where there is a discrepancy between the oral pronouncement of judgment and the minute order . . . , the oral pronouncement controls."  (*Ibid*.)  "Ordinarily, this principle of law would let us apply the trial court's oral pronouncement of judgment as the definitive sentence," but here the sentence orally pronounced was unauthorized.  (*Price*, *supra*, 120 Cal.App.4th at p. 242.)  The record cannot be harmonized to correct the unauthorized sentence.  The minute order only indicates the court imposed and stayed the great bodily injury enhancement.  It does not reflect whether the underlying driving under the influence sentence was imposed and stayed or if imposition was suspended.  The order of probation only indicates defendant was committed to prison for three years, but it does not clarify whether the three-year sentence was for the underlying offense or the enhancement.  The resentencing court also noted that defendant could have only received a maximum two-year sentence on the underlying offense, not three years.  Neither of these documents saves the original sentencing court's failure to either suspend imposition of the sentence or impose and suspend execution of the aggregate sentence before placing defendant on probation.

An illegal sentence may be corrected whenever the error comes to the attention of the trial court or any reviewing court.  (*Price*, *supra*, 120 Cal.App.4th at p. 244.)

6

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) " 'A court [that] is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*Ibid.*) In such situations, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion" had it been aware of the scope of its discretion. (*Ibid.*)

Both parties agree the resentencing court did not understand its discretion, as do we. "[T]he trial court after revocation [of probation], although bound to impose a legal sentence, retained the right to correct an illegal sentence" imposed by the original sentencing court. (*Price*, *supra*, 120 Cal.App.4th at p. 244.) A trial court errs when it has the right to correct the unauthorized sentence but is unaware of its discretion to do so. (*Ibid.*) Here, the resentencing court did not recognize its ability to correct the unauthorized sentence. The court acknowledged the record from the original sentencing court was "not entirely clear," but imposed a new term for the underlying offense because it inferred the original sentencing court suspended imposition of the driving under the influence sentence, without any support from the record. (§ 1203.2, subd. (c); Cal. Rules of Court, rule 4.435(b)(1)-(2).) It then made an affirmative finding that it lacked discretion to change the imposed and stayed enhancement but did not first establish whether the enhancement was legally imposed and suspended. This was error. Since we cannot be certain of the sentence the original sentencing court intended, we must remand the matter for resentencing. We express no opinion concerning what sentence the court should impose on remand.

DISPOSITION

Defendant's sentence is vacated and the matter remanded to the trial court for resentencing.  In all other respects, the judgment is affirmed.

/s/_____
WISEMAN, J.*

We concur:

/s/_____
ROBIE, Acting P. J.

/s/_____
RENNER, J.

---

*        Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.